IN THE DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF OKLAHOMA

(1) Angela Mitchell, on behalf of herself )
and all others similarly situated, )
                                            )
               Plaintiff, )
                                            )
v. )
                                            )
(1) Home Loan Center, Inc. )
dba Lending Tree Loans, a California )
Corporation; (2) Lending Tree LLC., a )
Delaware Limited Liability Company; and )
(3) Lending Tree, Inc., a Delaware )
Corporation. )
                                            )      **CLASS ACTION COMPLAINT**
              Defendants. )      **JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff brings this action individually and on behalf of a class of similarly situated individuals defined below (the "Class") to redress injuries suffered as a result of Defendants' (hereinafter referred to as "Lending Tree" et al) wrongful conduct. Lending Tree et al has announced in an email on April 22, 2008 that some of its own employees divulged personal information of the Class to outside lenders and individuals who were unknown to the Class and was done without the Class' knowledge and/or consent. The breach involved such information as name, address, telephone numbers, social security numbers, income and employment information. This breach by Lending Tree's et. al, own employees has compromised thousands of clients' information.

2. Accordingly, Plaintiff brings this action on behalf of herself and a class of those persons similarly situated to recover damages caused by Defendants' breach of contract, negligence, negligence per se, negligent misrepresentations, and unfair and/or deceptive acts or practices.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that (1) the Class (as defined below) has more than 100 Class members, (2) the amount at issue exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and (3) minimal diversity exists as at least one plaintiff and one defendant are citizens of different states.

4. Venue in the United States District Court for the Western District of Oklahoma is appropriate, pursuant to 29 U.S.C. § 1391(a)(2), since the cause of action arose in the District.

### Class Action Allegations

5. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a class under Rule 23(b)(1), (b)(2) and (b)(3).

6. Class definition: The class that Plaintiff seeks to represent (the "Class") is defined as follows:

> All persons that have suffered damages and/or harm as a result of data breaches set forth herein with respect to personal and financial information of customers who gave their financial or personal information to Lending Tree et al.

7. Numerosity: The Class is composed of thousands of individuals the joinder of which would be impracticable. The individual identities of the class members are ascertainable through Defendants' records or by public notice.

8. Commonality: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affect only individual Class members, and include, but are not limited to, the following:

a. Whether Defendants failed to provide, or failed to ensure that Lending Tree et al provided adequate security and/or protection for its computer systems containing Lending Tree et al customers' financial and personal data;

b. Whether Defendants breached a contractual duty to Plaintiff and the Class by failing to provide, or failing to ensure that Lending Tree et al provided adequate security and/or protection for its computer systems containing Lending Tree et al customers' financial and personal data;

c. Whether Defendants breached a duty and were negligent in failing to provide, or failing to ensure that Lending Tree et al provided adequate security and/or protection for its computer systems containing Lending Tree et al customers' financial and personal data;

d. Whether the conduct (action or inaction) of Defendants resulted in the unauthorized breach of Lending Tree's et al computer systems containing Lending Tree et al customers' financial and personal data.

e. Whether Defendants knew or should have known of the vulnerability of Lending Tree's et al computer systems prior to the data security breach;

f. Whether Defendants knew or should have known of the risks to individuals inherent in failing to protect such financial and personal information;

g. Whether Defendants improperly retained customer personal and financial information or allowed Lending Tree et al to retain such information despite representations that it would not do so;

h. Whether Defendants disclosed (or directly or indirectly caused to be disclosed) private financial and personal information of customers;

i. Whether Defendants negligently entrusted this information to employees;

j. Whether Defendants negligently supervised their employees causing a breach of the personal data;

k. Whether Plaintiff and the Class have been damaged by the conduct of Defendants.

l. Whether Plaintiff and the Class are entitled to notice as to whether the security of their customers' financial and personal data was compromised as a result of the data security breach;

m. Whether Plaintiff and the Class are entitled to remedies such as covering the cost of replacing cards on account of the breach of duties of Defendants, or the losses resulting from fraudulent transactions;

n. Whether Plaintiff and the Class are entitled to declaratory relief;

o. Whether Plaintiff and the Class are entitled to injunctive relief;

p. Whether the Class is entitled to an award of reasonable attorneys' fees and costs of suit.

q. Whether Lending Tree et al is responsible for negligence and damage of its employees under respondent superior;

r. Whether Lending Tree et al violated the Graham-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. and its supporting regulations, 16 C.F.R. § 313, et seq., to protect and keep customer information confidential. 15 U.S.C. § 6801 provides that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."

4
Case 3:08-cv-00303-FDW-DCK   Document 1   Filed 04/28/2008   Page 4 of 9

9. Typicality and Adequacy: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent and he is similarly situated with members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff's interests are not antagonistic to the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

10. Predominance: Common questions of fact or law predominate over individualized issues. Because this case centers on the Defendants' failure to adequately secure non-public financial information (i.e. name, address, phone numbers, social security numbers, income and employment records), the facts surrounding Defendants' practices will clearly predominate over any individualized issues. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class members' claims. Plaintiff and the members of the Class have suffered irreparable harm as a result of Defendants unfair, deceptive and unlawful conduct.

## COUNT I

(Breach of Contract)

11. Plaintiff repeats and restates that allegations contained above as if fully stated herein.

12. Plaintiff and Class members were beneficiaries to contracts and/or agreements with Lending Tree et al. This contract and/or agreement required Defendants to adequately safeguard personal and financial information from theft or unauthorized disclosure.

13. Defendants breached their agreements with Plaintiff and Class members by failing to adequately safeguard personal data belonging to Plaintiff and Class members, allowing it to be accessed by third parties without authorization.

14. Plaintiff and the Class were forced to incur other costs and expenses as a result of Defendants' conduct.

15. Plaintiff and the Class have been injured and suffered damaged as a proximate result of these breaches in amounts to be determined at trial.

## COUNT II

(Negligence)

16. Plaintiff repeats and restates that allegations contained above as if fully stated herein.

17. Defendants were responsible for the private personal and financial data of Plaintiff, the Class and their customers and owed a duty to Plaintiff and the Class to adequately protect it from theft. Defendants breached this duty by failing to exercise reasonable care in safeguarding such information, allowing an unlawful intrusion into Lending Tree's et al computer systems, failing to adequately supervise and/or monitor its employees' use of such information, and allowing the information to be accessed by third parties without authorization.

18. In this regard, Defendants knew, or with the reasonable exercise of care should have known, of the risks inherent in retaining such information, and the importance of providing adequate security.

19. In addition, Defendants negligently delayed disclosure of the security breach, thus unreasonably exposing Plaintiff and/or Class members to additional harm.

20. Plaintiff and the Class have been injured as a proximate result of Defendants' breaches in amounts to be determined at trial.

## COUNT III

(Negligence Per Se)

21. Plaintiff repeats and restates the allegations contained above as if fully stated herein.

22. Defendants had a duty pursuant to the Graham-Leach-Bliley Act, 15 U.S.C. § 6801, et seq. and its supporting regulations, 16 C.F.R. § 313, et seq., to protect and keep customer information confidential. 15 U.S.C. § 6801 provides that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."

23. 15 U.S.C. § 6809 defines the term "nonpublic personal information" as follows:

(A) The term "nonpublic personal information" means personally identifiable financial information-(i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution.

(B) Such term does not include publicly available information, as such term is defined by the regulations prescribed under section 6804 of this title.

(C) Notwithstanding subparagraph (B), such term-(iv) shall include any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information other than publicly available information....

24. Pursuant to C.F.R. § 313(iii), financial institutions and other entities that receive nonpublic personal information, such as Defendants, are generally prohibited from using or disclosing such information except to the extent they do so "in the ordinary course of business to carry out the activity covered by the exception under which [it] received the information." In other

7

Case 3:08-cv-00303-FDW-DCK   Document 1   Filed 04/28/2008   Page 7 of 9

words, financial institutions and other entities that handle nonpublic personal information may only use it to the extent necessary to process and service customers' financial transactions.

25. Defendants failed to comply with the requirements of 15 U.S.C. § 6801, et seq. and C.F.R. § 313, et seq., by not providing for adequate safeguards in its handling of nonpublic personal information and allowing unauthorized access to that information by third parties.

26. The failure to comply with 15 U.S.C. § 6801, et seq. and C.F.R. § 313, et seq. constitutes negligence per se.

27. Plaintiff and the Class have been injured and suffered damages as a proximate result of these breaches in amounts to be determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually and on behalf of the Class, respectfully requests that the Court enter an order:

28. Certifying the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying plaintiff as the representative of the Class and designating its counsel as counsel for the Class;

29. Declaring that Defendants have committed the violations alleged herein;

30. Requiring Defendants to pay Plaintiff and the Class money damages for any losses suffered by Plaintiff and the Class as a result of their misconduct, including, but not limited to, the cost of replacing the losses attributable to fraudulent transactions connected to and/or arising from the security breach;

31. Enjoining Defendants from further actions which place the Class at risk of future data security breaches

32. Requiring Defendants to pay Plaintiff and the Class reasonable attorneys' fees and costs incurred in prosecuting this litigation;

33. Requiring the Defendants to pay for the replacement of any accounts and credit cards;

34. Requiring the Defendants to pay for credit monitoring;

35. Requiring the Defendants to pay for Identity Theft Insurance;

36. Requiring the Defendants to pay for Drivers License Replacement Cost;

37. Requiring the Defendants to pay for identity theft loss; and

38. Providing for such other legal and/or equitable relief as justice requires.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff demands a trial by jury on all issues so triable.

GRIFFIN, REYNOLDS & ASSOCIATES

*/s/ Billy D. Griffin*

Billy D. Griffin, OBA No. 17945
Jason B. Reynolds, OBA No. 18132
416 S.W. 79th, Suite 200
Oklahoma City, OK 73139
(405) 721-9500 Telephone
(405) 721-9503 Facsimile
ATTORNEYS FOR PLAINTIFF

9
Case 3:08-cv-00303-FDW-DCK   Document 1   Filed 04/28/2008   Page 9 of 9