IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANGELA MITCHELL, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

HOME LOAN CENTER, INC., dba Lending Tree Loans, a California Corporation; LENDING TREE LLC., a Delaware Limited Liability Company; and LENDING TREE, INC., a Delaware Corporation,

    Defendants.

Case No. CIV-08-448-HE

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO TRANSFER

  The Plaintiff, Angela Mitchell, has moved the Court for an Order transferring the instant action to the United States District Court of the Western District of North Carolina. Plaintiff based this Motion on the LendingTree Terms of Use ("TOU") into which she entered when submitting a request for LendingTree's free online service. Plaintiff's Motion, Ex. A. This Court Ordered Defendants to respond to Plaintiff's Motion.

  Defendants do not oppose Plaintiff's Motion. Plaintiff's Exhibit A is a true and correct copy of the TOU. As Plaintiff notes, Section 14 of the TOU specifies that any lawsuit between Plaintiff and LendingTree must be venued in the federal or state courts in Mecklenburg County, North Carolina. Mecklenburg County is included within the jurisdiction of the Western District of North Carolina. 28 U.S.C.A. §113(c). Therefore, the TOU calls for any lawsuit between Plaintiff and Defendants to be situated in the Western District of North Carolina.

  By way of further response, Defendants note that by not opposing this venue motion, Defendants in no way waive their other rights under the TOU. Specifically, Section 14 of the

TOU also requires that Plaintiff bring any dispute against LendingTree to binding, individual (non-class) arbitration. Defendants, through counsel, have made a formal demand for such arbitration. See Ex. 1, June 18, 2008, Letter. Regardless of the outcome of this venue motion, the TOU's binding, individual (non-class) arbitration clause and LendingTree's formal demand for arbitration thereunder remain in effect. LendingTree intends, before this Court or the Western District of North Carolina, to move to dismiss this case and compel arbitration.

LendingTree will not oppose this Motion so as to further effectuate, and not in any way to waive, the terms of the TOU.

Dated: June 24, 2008

>Respectfully submitted,
>
>Ronald N. Ricketts, OBA #7563
>Mia Vahlberg, OBA #20357
>GABLEGOTWALS
>1100 ONEOK Plaza
>100 West Fifth Street
>Tulsa, OK 74103
>918-595-4842 (Telephone)
>918-595-4990 (Facsimile)
>rrocketts@gablelaw.com
>mvahlberg@gablelaw.com
>
>and
>
>s/ *Leslie L. Lynch*
>Leslie L. Lynch, OBA #15124
>GABLEGOTWALS
>One Leadership Square, Suite 1500
>211 North Robinson
>Oklahoma City, OK 73102-7101
>405-235-5500 (Telephone)
>405-235-2875 (Facsimile)
>llynch@gablelaw.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on June 24, 2008, I electronically transmitted the attached document to the clerk of this Court using the ECF system for filing. Based on the records currently on file, the clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Billy D. Griffin
Jason B. Reynolds
416 S.W. 79th, Suite 200
Oklahoma City, Oklahoma 73139
*Attorneys for Plaintiff*

                                                 s/ *Leslie L. Lynch*